**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARLOS TERRY,** | : | |
| Petitioner, | : | **CIVIL NO. 1:CV-05-2131** |
| | : | |
| v. | : | **(Judge Kane)** |
| | : | |
| **TROY WILLIAMSON, Warden,** | : | |
| Respondent. | : | |

**MEMORANDUM and ORDER**

**I.     Introduction**

Carlos Terry, a federal prisoner confined at the Allenwood Federal Correctional Institution ("FCI-Allenwood") in White Deer, Pennsylvania, commenced this pro se action with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. Petitioner contemporaneously filed an application to proceed in forma pauperis (Doc. 2). Respondent is FCI-Allenwood Warden, Troy Williamson. Petitioner challenges his sentencing in federal court, claiming improper enhancement and ineffective assistance of sentencing counsel.

**II.     Background**

Petitioner was convicted on a multi-count indictment in the United States District Court for the Eastern District of Pennsylvania[1] on October 4, 1994. On January 5, 1995, the district court sentenced Petitioner to 360 months imprisonment.[2] Petitioner subsequently filed three motions under 28 U.S.C. § 2255, and a petition for writ of mandamus with the United States Court of

---

[1] Although Petitioner does not specify the court, the trial took place before the Honorable Harvey Bartle, III, in the United States District Court for the Eastern District of Pennsylvania. See U.S. v. Terry, 100 Fed.Appx. 68 (3d Cir. 2004).

[2] The court originally sentenced Petitioner to a total aggregate term of 480 months imprisonment, (Terry, 100 Fed.Appx. at 69), but his sentence was subsequently modified to 360 months imprisonment.

Appeals for the Third Circuit. U.S. v. Terry, 100 Fed.Appx. 68 , 70 n. 1 (3d Cir. 2004).

Petitioner filed the instant petition for habeas relief under 28 U.S.C. § 2241 on October 19, 2005. Petitioner claims that "the district court [erroneously] enhanced his sentence based on a non-qualifying prior conviction" (Doc. 1 at 1), and "if [sentencing] counsel would have objected" (Id. at 4), the error would have been avoided. Petitioner seeks "re-sentencing . . . without the career offender status." (Id. at 5.) For the reasons set forth, the Court finds that § 2241 relief is unavailable to Petitioner, and will summarily dismiss the petition.

**III.    Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer when the petition is frivolous, or obviously lacking in merit, or where the necessary facts can be determined from the petition itself. 28 U.S.C. § 2243; Thibodeau v. Watts, 2006 U.S. Dist. LEXIS 3048, at *2 (M.D. Pa. Jan. 11, 2006); Allen v. Perini, 424 F.2d 134, 141 (6th Cir.). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

Generally, a challenge to the validity of a federal conviction or sentence must be brought in a § 2255 motion. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999). Thus,

Petitioner's proper avenue of relief is a section 2255 motion, filed in the district court where he was convicted, see United States v. Hatcher, 76 F. Supp. 2d 604 (E.D. Pa. 1999), unless Petitioner can show that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000).

The United States Court of Appeals for the Third Circuit has stated that such inadequacy or ineffectiveness is present, thereby allowing a § 2241 petition to substitute for a § 2255 motion, only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'"  Brooks, supra, 230 F.3d at 648 (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)).  "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ."  Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986) (emphasis added).  Petitioner has the burden of proving that section 2255 would be an inadequate or ineffective remedy, Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)), and section 2241 should not be used as a way of evading the gatekeeping provisions of section 2255.  In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

It does not matter whether Petitioner has sought permission to file a further § 2255 motion, and was denied, or he is simply assuming his inability to file a successive § 2255 motion from the specific language of the Code.  In either event, § 2255 is not inadequate or ineffective merely because Petitioner is unable to meet the gatekeeping requirements of the section.  Dorsainvil, 119 F.3d at 251.  If he has sought such permission, and been denied, then the Court must dismiss the

3

present petition under 28 U.S.C. § 2244(a).[3] If permission has not been sought, Petitioner is required to do so under § 2244(b)(3)(A).[4] Petitioner's personal inability to file further successive § 2255 motions does not establish the inadequacy or ineffectiveness of the remedy. Since § 2255 is not inadequate or ineffective to test the legality of Petitioner's detention or sentence, the Court will dismiss this § 2241 petition. An appropriate order follows.

---

[3] 28 U.S.C. § 2244(a) states:
"No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in Section 2255."

[4] 28 U.S.C. § 2244(b)(3)(A) states:
"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

**IV.** **Order**

**AND NOW, THIS 31st  DAY OF JANUARY, 2006**, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1. Petitioner's application for leave to proceed in forma pauperis (Doc. 2) is **GRANTED** only for the purpose of filing this petition.

2. The petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) is **DISMISSED** without prejudice to any right Petitioner may have to move the appropriate court of appeals for an order authorizing the district court to consider a successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3)(A).

3. The Clerk of Court is directed to **CLOSE** this case.

4. There is no basis for the issuance of a certificate of appealability.

        S/ Yvette Kane
        YVETTE KANE
        United States District Judge